# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CR05-0075-SNL |
| | ) |
| DANIEL PARKS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Following the Court's orders of November 28, 2005 and November 30, 2005, a competency hearing, using video transmission was held Thursday, December 1, 2005 at 2:00 p.m. The undersigned was present in courtroom 3 in the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri. Present in the video facility room in the United States Courthouse at Cedar Rapids, Iowa were Richard L. Murphy, Assistant United States Attorney for the Northern District of Iowa, the defendant Daniel Parks, defendant's attorney, Jane Kelly, an Assistant Federal Public Defender for the Northern District of Iowa, Diane Eveland, Deputy Clerk for the Cedar Rapids Division of the Northern District of Iowa, a court reporter, security personnel and several spectators. Brian Woodward, a video transmission technician for the district court in Cedar Rapids and Adam Zipprich, a video transmission technician for the Eastern District of Missouri were also present assisting with the video transmission of the hearing.

The Court suggested that if any party in Cedar Rapids could not see or hear the court, or if the Court in St. Louis could not see or hear the parties in Cedar Rapids, they were to raise their hand or to interject their concern about possible malfunction of the video transmission system. During the proceeding, there were several instances where the Court asked the parties to repeat and there were no other indications of any of the parties and the court during the proceedings that any party present had

any difficulty seeing or hearing.

In the courtroom in St. Louis, the undersigned had a large screen which is used to visualize all of the persons mentioned in attendance in Cedar Rapids, Iowa. Those in Cedar Rapids, Iowa also had a screen whereby they could see and hear the undersigned.

The Court announced the purpose of the hearing following which Mr. Murphy offered an exhibit list containing 12 exhibits, and copies of each of the exhibits. There was no objection to the receipt of the 12 exhibits and accordingly, the Court directed they be filed and made a part of the record pursuant to the filing system in the Cedar Rapids Division.

The Government had no live testimony and rested following the receipt of the 12 exhibits.

The Defendant offered no testimony or exhibits.

Government's exhibit 1 was the competency to stand trial evaluation of the defendant dated November 8, 2005. The exhibit attested to and reviewed by two psychologists in the United States Department of Justice, Federal Bureau of Prisons, Metropolitan Correctional Center, New York, New York concluded that the defendant "Does not present with a mental defect." Nonetheless, the evaluators opined that defendant is not competent to stand trial as of November 8, 2005 because "He does not have the capacity to assist legal counsel in his defense, nor can he rationally make decisions regarding legal strategy."

The psychologists recommended that defendant be sent away for restoration to competency pursuant to Title 18 U.S.C. § 4241(d).

The Court indicated that on the basis of the opinion of the evaluators that the preliminary finding would be that defendant was not competent to stand trial.

Following this announcement, counsel for the defendant felt he was competent to stand trial and asked the Court to review exhibits 2 through 12 which were various letters from the defendant. The Court indicated that it would review that evidence and then make final conclusions and the matter was taken under advisement.

After reviewing the 12 exhibits which constituted the entire evidence in the hearing, this Court determines that defendant is not mentally competent to stand trial under 18 U.S.C. § 4241 as he is unable to assist properly in his defense. In making this decision, the Court relies on the finding in United States v. Ferro, 321 F.3d 756 (8th Cir. 2003).

> "It is well established in the Eighth Circuit that there is a three-part scheme for determining mental competency to stand trial under 18 U.S.C. § 4241. U.S. v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003). This Court must first determine, by a preponderance of the evidence, whether the Defendant suffers from a 'mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.' 18 U.S.C. § 4241(a), (d). If the district court concludes that the Defendant is competent, then the case proceeds to trial. However, if the district court concludes that the Defendant lacks sufficient mental competency to proceed to trial, the statutory directive is clear and provides as follows:
>
>> (d) Determination and disposition. -- If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility*. --
>>
>> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
>>
>> **(2)** for an additional reasonable period of time until –
>>> **(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial

> probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
>
> **\*1095(B)** the pending charges against him are disposed of according to law; which every is earlier,
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.
>
> 18 U.S.C. § 4241(d) (emphasis added)."

U.S. v. Azure, 279 F. Supp. 2d 1093, 1094. See also U.S. v. Azure, 2004 W.L. 1175710 (N.D. 2004).

In the present case, the evaluators have concluded that the defendant does not suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him but do determine that he is unable to assist properly in his defense, and accordingly, is not competent to stand trial.

The examination of exhibits 2 through 12 which are letters from the defendant do not support the defendant's position that he is competent to stand trial.

Accordingly, the Court determines that the provisions of 18 U.S.C. § 4241 should be followed. The evaluators make this recommendation as well.

**IT IS THEREFORE ORDERED:**

1. The Court finds by a preponderance of the evidence that the defendant on December 1, 2005 is not competent to proceed to trial as he is unable to assist properly in his defense;

2. The defendant is committed to the custody of the Attorney General who shall hospitalize the defendant for treatment in a suitable facility for such a

reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity to permit the trial to proceed. If it meets the criteria of the Attorney General, this Court recommends that hospitalization in a suitable facility be a facility as is close to Cedar Rapids, Iowa as may be possible;

3. The Attorney General shall hospitalize the defendant for an additional period of time, in excess of four months, until defendant's mental condition is so improved that trial may proceed if the Court finds that there is a substantial probability that within such additional period of time, defendant will attain the capacity to permit the trial to proceed or the pending charges against defendant are disposed of according to law, whichever is earlier;

4. If at the end of the time period specified, it is determined by the Court that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant will be subject to the provisions of 18 U.S.C. § 4246.

Dated this  5th   day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE